UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN MAS,                                        No. C-10-1396 EMC

       Plaintiff,

       v.                                        **ORDER RE JOINT LETTER OF**
                                  **NOVEMBER 18, 2010**

CUMULUS MEDIA INC.,                               **(Docket No. 25)**

       Defendant.
_____/

On November 18, 2010, the parties filed a joint letter regarding a discovery dispute. Defendant argues, in essence, that certain documents should be produced by Plaintiff and by two putative class members prior to a mediation scheduled for November 30, 2010. Defendant also asks for the opportunity to redepose Plaintiff and the two putative class members after documents have been produced, with Plaintiff bearing the cost of the continued depositions. Presumably, the depositions would take place prior to the November 30 mediation.

Having considered the parties' joint letter and accompanying submissions, the Court hereby **GRANTS** Defendant's motion to compel.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff has filed a class action against Defendant, asserting, *inter alia*, that Defendant failed to pay its employees overtime wages and failed to reimburse employees for expenses as required by the California Labor Code. In July 2010, the Court issued a case management order in which it split discovery into two phases. Phase I discovery was designed to facilitate mediation. The scope of Phase I discovery was narrowly tailored to that needed to ascertain the size of the putative class and

**United States District Court**
For the Northern District of California

1    the magnitude of asserted damages.  Phase I discovery was to be completed by October 15, 2010.

2    *See* Docket No. 15 (order).

3          Apparently, the parties agreed that Defendant could take the deposition of Plaintiff prior to

4    mediation as well as the deposition of two putative class members, Patty Stanton and Mindy

5    Phillips.  Both Ms. Stanton and Ms. Phillips were identified as witnesses in Plaintiff's initial

6    disclosures.  In addition, both Ms. Stanton and Ms. Phillips are represented by counsel for Plaintiff.

7          Defendant deposed Ms. Stanton on October 12, 2010; Plaintiff on October 14, 2010; and Ms.

8    Phillips on October 27, 2010.  Defendant suspended each deposition on the grounds that Plaintiff

9    and the two putative class members had failed to produce documents requested by Defendant prior

10   to the deposition.  Defendant now asks the Court to order Plaintiff and the two putative class

11   members to produce certain documents and to allow continued depositions, at a cost to Plaintiff.

**II.   DISCUSSION**

13   A.    Timeliness

14         As a preliminary matter, the Court rejects Plaintiff's contention that Defendant's request for

15   relief is not timely.  First, Civil Local Rule 26-2 is not applicable because it does not address phased

16   discovery deadlines.  Second, even if the rule were applicable, there is a good cause exception.

17   Here, the Court finds good cause to the extent the discovery sought is needed for the mediation.

18   B.    Discovery Requested from Plaintiff

19         1.    Documents

20         As noted above, Phase I discovery includes discovery related to the magnitude of asserted

21   damages.  Plaintiff does not dispute that the specific damages he claims is relevant to the magnitude

22   of asserted damages – *i.e.*, his damages may be indicative of what the class damages (assuming

23   certification) will be as a whole.  With respect to the damages suffered by Plaintiff, Defendant seeks

24   the following documents: (1) calendar/appointment documents and (2) expense documents.  Expense

25   documents include, but are not limited to, receipts, invoices, debit or credit card statements, bank

26   statements, and so forth.

27   ///

28   ///

United States District Court

For the Northern District of California

### a.    Calendar/Appointment Documents

Plaintiff argues that he should not be compelled to produce his calendar/appointment documents because they do not show the actual hours he worked and therefore are not relevant to his wage claim.  The Court does not agree.  While the calendar/appointment documents may not show the actual hours Plaintiff worked, that does not mean that they are thereby irrelevant.  A calendar entry, for example, may support Plaintiff's contention that he worked on a certain day.  Alternatively, a calendar day may suggest that he did not work on a certain day as claimed.

Accordingly, the court grants Defendant's motion to compel the calendar/appointment documents.  This includes but is not limited to any calendars on the laptop computer that Plaintiff used for business purposes.  *See* Mas Depo. at 35.  Plaintiff may redact any confidential or private information that may be included on any calendar/appointment document (*e.g.*, a medical appointment).  Any redaction should be accounted for in a privilege/redaction log.

### b.    Expense Documents

Plaintiff argues that he should not be compelled to produce documents such as receipts and bank statements reflecting debit charges because he cannot accurately segregate his personal expenses from his business expenses.  While the Court is not unsympathetic to Plaintiff's privacy concerns, the bottom line is that Plaintiff chose to initiate this litigation seeking, *inter alia*, reimbursement of business expenses.  Therefore, Plaintiff implicitly accepted the burden of having to identify what expenses he incurred were for business.

To the extent Plaintiff argues that his tax returns are the best evidence of his business expenses, that may or may not be the case.  That does not mean, however, that underlying documents (such as receipts) are therefore irrelevant or duplicative.  For example, a receipt could corroborate that a claimed expense was in fact incurred.

The Court therefore grants Defendant's motion to compel production of the expense documents.  This includes but is not limited to any expense documents on the laptop computer that Plaintiff used for business purposes.  The Court notes that this order does not require Plaintiff to produce information related to personal expenses.  Rather, the Court is requiring production of information related to business expenses only.  If a document reflects both personal and business

1  expenses, Plaintiff may redact the information related to the personal expense.  Any redaction

2  should be accounted for in a redaction log.

3          To the extent Plaintiff argues that he no longer has possession, custody, or control of certain

4  bank statements, the Court notes that there is no evidence supporting his claim that the bank at issue

5  will not turn over the documents absent a subpoena – particularly, to Plaintiff himself (who may

6  then turn over the documents to Defendant).  The Court notes that the question is whether Plaintiff

7  has legal control over the bank statements.

8          c.          Laptop

9          As reflected by the above, the Court is requiring Plaintiff to provide calendar/appointment

10  documents and expense documents from the laptop that he used for business purposes.  There is

11  therefore no need for Defendant to obtain a copy of the hard drive of the laptop.

12          2.          Deposition

13          Because the Court is ordering Plaintiff to produce the calendar/appointment documents and

14  expense documents, it is reasonable for Defendant to take his deposition, prior to mediation, to

15  address those newly produced documents.  The Court therefore shall permit Defendant to redepose

16  Plaintiff.  While the deposition should largely be tailored to the newly produced documents, the

17  Court recognizes that there may be some grey areas.  Accordingly, instead of limiting the deposition

18  by subject matter, the Court shall limit the deposition by time.  The continued deposition of Plaintiff

19  shall last no longer than three (3)  hours.

20          Finally, the Court shall require Plaintiff to bear costs related to the continued deposition that

21  Defendant would not have otherwise incurred if Plaintiff had properly produced the

22  calendar/appointment and expense documents prior to his first deposition.  This should include the

23  cost of the court reporter for the continued deposition, the reasonable travel expenses for

24  Defendant's counsel, and a reasonable attorney's fee for the time spent by Defendant's counsel to

25  travel.[1]

26

27          [1] The Court assumes that the continued deposition will take place in San Francisco, as did the
first deposition.  Defense counsel are located in Los Angeles and Atlanta.  The Court assumes that

28  Los Angeles counsel can be used and thus expenses will be calculated accordingly.

**United States District Court**
For the Northern District of California

B.    Discovery Requested from Ms. Stanton and Ms. Phillips

       1.    Absent Class Members

In the joint letter, Ms. Stanton and Ms. Phillips object to providing any additional discovery on the basis that absent class members should not as a general matter be subjected to discovery. However, the very authority cited by Ms. Stanton and Ms. Phillips, *see Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 U.S. Dist. LEXIS 112461 (N.D. Cal. July 8, 2008), establishes that there is no blanket rule barring discovery with respect to absent class members. Rather, the court stated that "[t]he law on discovery directed to absent class members is flexible." *Id.* at *16. For example, "discovery has been permitted in certain circumstances, where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Id.* at *17.

Furthermore, the Court notes that, in *Tierno*, the court did not foreclose the defendant from making a request for discovery "from those class members whose testimony is offered in support of Plaintiffs' case at some point after a discovery plan is complete." *Id.* at *18. In the instant case, it does appear that Ms. Stanton and Ms. Phillips will be offering testimony in support of Plaintiff's case. As noted above, they have been identified as witnesses in Plaintiff's initial disclosures.

The Court therefore rejects Ms. Stanton and Ms. Phillips's contention that they should automatically be insulated from further discovery.

       2.    Documents

For reasons similar to those discussed above, *see* Part II.B.1, *supra*, the Court orders Ms. Stanton and Ms. Phillips to produce calendar/appointment documents and expense documents. The information sought is relevant. Moreover, for Defendant to assess the magnitude of damages, it will need to do more than evaluate the damages of Plaintiff alone. Finally, while there will be some burden for Ms. Stanton and Ms. Phillips to identify what expenses were for business, there is nothing to establish that the burden is an undue burden.

The Court notes that, for Ms. Phillips, one of the expense documents requested by Defendant is her tax return for 2008. Because Ms. Phillips has taken the position that tax returns are the best evidence of her business expenses (*e.g.*, because the underlying receipts may not be complete), the

**United States District Court**
For the Northern District of California

1   Court shall require production of the 2008 return.  Ms. Philips may redact from the return any

2   confidential or private information that is not related to business expenses claimed for the instant

3   litigation (*e.g.*, business expenses incurred for a different job).

4          3.      <u>Depositions</u>

5         Because the Court is ordering new documents to be produced, it is fair, once again, for

6   Defendant to take the depositions of Ms. Stanton and Ms. Phillips prior to mediation.  As above,

7   each deposition shall last no longer than three (3) hours.  In addition, Plaintiff shall bear the costs

8   related to the continued depositions that Defendant would not have otherwise incurred if documents

9   had properly been produced prior to the initial depositions.  The Court expects the parties to

10  coordinate the depositions of Plaintiff, Ms. Stanton, and Ms. Phillips so that defense counsel will not

11  travel to San Francisco on multiple occasions, thus limiting the costs to be paid by Plaintiff.

12                 **III.**   **CONCLUSION**

13        For the foregoing reasons, the Court grants Defendant's motion to compel.  To accommodate

14  the discovery ordered, the Court shall extend the date by which mediation should be completed by

15  three weeks (*i.e.*, until December 21, 2010).  Documents should be produced by November 29, 2010.

16  The depositions shall take place no later than December 3, 2010.

17        In the future, any joint letter regarding a discovery dispute shall be no longer than five

18  single-spaced pages.

19        This order disposes of Docket No. 25.

20

21        IT IS SO ORDERED.

22

23  Dated:  November 22, 2010

24

25  _____
                   EDWARD M. CHEN

26                     United States Magistrate Judge

27

28