UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN MAS,

    Plaintiff,

    v.

CUMULUS MEDIA INC.,

    Defendant.
_____/

No. C-10-1396 EMC

**ORDER RE ADDITIONAL BRIEFING FOR OCTOBER 28, 2011 HEARING**

The parties' joint motion for preliminary approval is currently set for hearing on October 28, 2011. The Court has reviewed the papers submitted with respect to that motion. Having reviewed the papers, the Court hereby orders that the parties be prepared to discuss the following issues at the October 28 hearing. In addition, where additional briefing is requested, it is so noted below. Any additional briefing shall be filed by October 19, 2011.

A.    <u>Claims Procedure and Claims Rate</u>

The parties should be prepared to discuss the necessity of having a claims procedure. In addition, the parties should be prepared to discuss what they anticipate the claims rate will be.

B.    <u>Time to Submit Claim, Object, and/or Opt Out</u>

In the motion, the parties state that a class member may submit a claim or opt out by *faxing or postmarking* the claim or request for exclusion within 60 days of the date of the notice; however, a class member who objects must ensure that the objection is *received* within 60 days of the date of the notice. *See* Mot. at 12, 19. The notice is not consistent. It states that not only objectors but also opt-outs must ensure that their objections or requests for exclusion are *received* within 60 days. *See*

Not. at 2. (In addition, the notice refers only to mailing as an option on page 2, and not faxing as an alternative. *See* Not. at 2.) The parties should be prepared to address this inconsistency at the hearing.

In addition, the parties should address in supplemental briefing why, as a matter of fairness, objectors and/or opt-outs should not also be entitled to have their objections or requests for exclusion faxed or postmarked within 60 days.

C.  Deficient Claim Form

In paragraph D.15.e.iv of the settlement agreement, deficient claim forms are addressed. A class member who submits a deficient claim form is to be notified of such; however, he or she may correct the form only if the submission can be done within 60 days of the original class notice. *See* Stip. ¶ D.15.e.iv. It is not clear why a class member who submits a deficient claim form on, *e.g.*, the 60th day should not be given a brief time period thereafter to correct the deficiency. The parties should address this issue in supplemental briefing.

D.  Reverter

In their motion, the parties state that any undisbursed funds ("residuum") shall revert back to Defendant. However, the settlement agreement provides that undisbursed funds shall revert to a cy pres account. *See* Stip. ¶ D.14. Presumably, the settlement agreement governs. If not, then the parties should in supplemental briefing explain the discrepancy and why a reversion rather than cy press is provided.

E.  Amount Offered in Settlement

The motion identifies the amount of the settlement, but it is not clear from the papers what are the maximum damages that Plaintiff and/or the class could have obtained, assuming that they prevailed after a trial on the merits. Additional briefing on this issue is requested.

F.  Strengths and Weaknesses of Plaintiff's Case

In the motion, the parties have not provided any specifics about the strengths and/or weaknesses of the various claims asserted in the class action complaint. Additional briefing on this issue is requested.

G. <u>Depositions</u>

In their motion, the parties assert that numerous depositions were taken. In supplemental briefing, the parties shall provide a more detailed description as to the exact number of depositions, identity of the deponents, and the relevance of the witness.

H. <u>Incentive Awards</u>

The settlement agreement provides that Mr. Mas may be awarded $20,000, Ms. Stanton $15,000, and Ms. Phillips $10,000 as incentive awards. The parties should address in supplemental briefing why awards in these amounts are justified. As part of this supplemental briefing, the parties should specify the number of hours each individual has spent on the litigation and what specific claims are being given up by each individual that are different from those being given up by the class.

I. <u>Class Notice</u>

1. <u>Objecting and Submitting Claim</u>

On pages 1, 2, and 7 of the notice, it is not clear that a class member may both object and submit a claim at the same time – and that, if a class member objects but fails to submit a claim, then he or she risks getting no settlement share if the Court approves the settlement. The Court acknowledges that these points are made in a subsequent part of the notice (pages 9 and 10) but, arguably, they should be made at the outset of the notice as well. In addition, on pages 9 and 10, these same points should arguably be highlighted by using bold and/or underlining.

2. <u>Summary of Release</u>

On page 7 of the notice, it is not clear why the summary of the release does not include a statement that claims that *could* have been asserted area also being released. The summary should be enhanced.

3. <u>Incorrect Courtroom</u>

On pages 8 and 10 of the notice, the wrong courtroom is identified (Courtroom C instead of Courtroom 5). In addition, for purposes of clarity, it may be useful to include the floor of the correct courtroom (*i.e.*, 17th floor).

4. Objectors

On page 10 of the notice, the notice suggests that an objector must submit a notice of intent to appear in order to object. *See* Not. at 10. However, the parties' settlement agreement indicates that an objector may – but is not required to – appear. *See* Stip. ¶ 21. This inconsistency should be addressed in supplemental briefing or removed from the proposed notice.

5. Review of Court File

On page 11, the notice states that a class member may review the Court file from 9:00 a.m. to 1:00 p.m. *See* Not. at 11. However, a file may be reviewed up until only 12:45 p.m. in the Clerk's Office.

J. Claim Form

At the top, the claim form states that "**Incomplete and/or late Claim Forms will be rejected.**" Arguably, the claim form should state: "**Incomplete, unsigned, and/or late Claim Forms will be rejected.**"

At the end, the claim form notes: "**[Note: You must complete, sign and timely submit this original Claim Form or your claim may be denied.]**" Arguably, the claim form should state that the claim *will* be denied to be consistent with the above. In addition, this particular statement should arguably be broken out in a separate paragraph and put in ALL CAPS so that it will be highlighted to the class members.

K. Rule 23(a) and (b) Requirements

The proposed order should include language about the Rule 23(a) and (b) requirements.

IT IS SO ORDERED.

Dated: October 12, 2011

_____
EDWARD M. CHEN
United States District Judge

4