UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MAS,<br><br>        Plaintiff,<br><br>        v.<br><br>CUMULUS MEDIA INC.,<br><br>        Defendant.<br>_____/ | No. C-10-1396 EMC<br><br>**ORDER (SECOND) RE ADDITIONAL BRIEFING FOR OCTOBER 28, 2011 HEARING** |

Pursuant to Court order, the parties filed on October 19, 2011, supplemental briefing related to the motion for preliminary approval of the class action settlement. Having reviewed the supplemental briefing, the Court orders that further briefing be provided on the following.

A.  Claims Procedure and Claims Rate

The Court shall not require briefing but notes, consistent with its prior order, that the parties should still be prepared to discuss the necessity of having a claims procedure and the anticipated claims rate.

B.  Amount Offered in Settlement

If the parties could provide the underlying calculations for the damages itemized, that would be helpful to the Court.

Also, it would be helpful to the Court to get information about the average number of weeks worked by a class member and the average hourly rate. (The Court understands based on prior briefing that the total number of weeks is about 6,500 for 89 class members. *See* Mot. at 6, 8. With

approximately $660,000 net being set aside for the class (*i.e.*, excluding attorney's fees), it appears that a class member will get about $100 per work week.)

In addition to the above, the parties should explain why, with respect to the damages calculated, it is fair to estimate overtime at half an hour per week and expenses at $50 per week, particularly when the calculation here is supposed to be maximum potential damages. In other words, disregarding problems with evidentiary proof, how many overtime hours did an average class member allegedly work per week and how much unreimbursed business expenses did an average class member allegedly incur?

C.  <u>Strengths and Weaknesses in Plaintiff's Case</u>

The parties should explain whether they have a basis for believing that all class members, and not just Plaintiff, Ms. Phillips, and/or Ms. Stanton, would have problems with evidentiary proof, both as to overtime and business expenses.

In addition, the parties should explain what overtime exemption is potentially applicable and/or why no exemption is applicable.

Finally, Plaintiff should clarify whether there is any basis for believing that Defendant acted willfully or intentionally for purposes of California Labor Code §§ 203 and 226.

D.  <u>Incentive Awards</u>

There are no declarations to support the hours claimed by Plaintiff, Ms. Phillips, and/or Ms. Stanton. The Court notes that it is particularly troubled by the hours claimed by Plaintiff (in excess of 400 hours), especially given that the case was initiated in early 2010 and settled in a mediation that took place in April 2011. In addition, there are no declarations to support the claim that Plaintiff, Ms. Phillips, and/or Ms. Stanton have had difficulty obtaining employment, and there is no evidence indicating that any difficulty in obtaining employment is linked to their participation in this lawsuit. Finally, there is no evidence to support the claim that Plaintiff himself would be personally liable for costs if he were not to prevail (as opposed, *e.g.*, to his attorneys agreeing to cover the costs).

2

If Plaintiff wishes to submit declarations to address the above, he may do so. To the extent he claims that he has spent in excess of 400 hours, he must provide more specific information as to how that time was spent.

**Supplemental briefing shall be filed by noon on October 25, 2011.**

IT IS SO ORDERED.

Dated: October 20, 2011

_____
EDWARD M. CHEN
United States District Judge

3